Kathleen JENSEN, Bradley Jensen and Erik Jensen (a minor), Plaintiffs-Appellants,

STATE of Wisconsin, DEPARTMENT OF HEALTH AND FAMILY SERVICES, Plaintiff,

v.

WISCONSIN PATIENTS COMPENSATION FUND, David McPherson, M.D., and Lakeland Medical Center, Defendants-Respondents.†

Supreme Court

*No. 99–2774. Oral argument November 29, 2000.—Decided February 13, 2001.*

2001 WI 9

(Also reported in 621 N.W.2d 902.)

†Motion for reconsideration denied June 19, 2001. Please see per curiam opinion 244 Wis. 2d 398.

For the plaintiffs-appellants there were briefs by *Matthew W. O'Neill, Shannon A. Allen* and *Friebert, Finerty & St. John, S.C.*, Milwaukee, and oral argument by *Matthew W. O'Neill*.

For the defendants-respondents there was a brief by *Curtis C. Swanson, Edith F. Merila, Timothy J. Cesar* and *Axley Brynelson, LLP,* Madison, *James R. Gutglass, Sharon R. Long* and *Gutglass, Erickson & Bonville, S.C.*, Milwaukee, and *Paul J. Pytlik* and *Otjen, Van Ert, Leib & Weir, S.C.*, Milwaukee, and oral argument by *Curtis Swanson* and *James R. Gutglass*.

¶ 1.   DIANE S. SYKES, J.   The issue in this case is whether an attorney admitted pro hac vice[1] has the right to notice and an opportunity to be heard before his or her pro hac vice admission can be revoked. The

---

[1] Pro hac vice is defined as: "For this turn; for this one particular occasion. For example, an out-of-state lawyer may be admitted to practice in a local jurisdiction for a particular case only." *Black's Law Dictionary* 1227 (7th ed. 1999).

issue arose in this medical malpractice action when the circuit court granted a mistrial based upon "reprehensible" pretrial and trial conduct by the plaintiffs' attorney, who was licensed in Illinois but admitted in Wisconsin for purposes of this case. Five days after the mistrial, without notice or hearing, the circuit court sua sponte issued an order withdrawing the attorney's pro hac vice admission.

¶ 2. The plaintiffs and their attorney obtained leave to appeal the circuit court's nonfinal order, and the court of appeals certified the question of the attorney's right to notice and hearing to this court. Wis. Stat. (Rule) § 809.61 (1997–98).[2] We conclude that as a matter of judicial policy, and in accordance with the proper administration of the justice system, notice and an opportunity to respond are necessary prerequisites to the revocation of an attorney's pro hac vice status. Accordingly, we reverse the order of the circuit court rescinding the pro hac vice admission of the plaintiffs' attorney in this case, and remand for further proceedings.

I

¶ 3. Kathleen Jensen, her husband Bradley Jensen, and their minor son Erik Jensen filed this medical malpractice action in Walworth County Circuit Court against Wisconsin Patients Compensation Fund, Dr. David McPherson, and Lakeland Medical Center. They alleged negligence in connection with Erik's delivery that damaged his spinal cord and rendered him a paraplegic. Pursuant to SCR 10.03(4) (1998),[3] the Jensens

---

[2] All subsequent references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

[3] All subsequent references to the Wisconsin Supreme Court Rules are to the 1998 version.

144

petitioned the circuit court for pro hac vice admission of Lee Phillip Forman, an attorney from Chicago, Illinois. According to an affidavit submitted by a Wisconsin attorney in support of Forman's admission, Forman had been asked to participate in this case because it was a complicated medical malpractice action and Forman had more than 30 years of experience handling such matters.

¶ 4.  The circuit court granted the petition by written order, citing SCR 10.03(4) and specifically stating that permission to appear pro hac vice may be withdrawn "if [Forman] manifests incompetency to represent a client in a Wisconsin court or. . .unwillingness to abide by the code of professional responsibility and the rules of decorum of the Court."

¶ 5.  A jury trial commenced on October 4, 1999, before the Honorable Michael S. Gibbs. On October 6, 1999, during the testimony of plaintiffs' expert, Dr. Richard D. Jacobson, defense counsel objected that the doctor's trial testimony differed from his earlier deposition testimony. The jury was excused, and the court heard argument from counsel and allowed a voir dire of the witness.

¶ 6.  Defense counsel noted that at the time of his deposition, Dr. Jacobson had offered only a rather tentative opinion that *some* event during Erik's birth, perhaps a manipulation to correct the baby's breech position, had *possibly* caused the spinal cord damage. The doctor had testified that in order to form an opinion to a reasonable medical probability he would need to review all of the medical records and relevant depositions, as well as search the literature, and that he had not done so at the time of his deposition. Defense counsel had asked Forman at the deposition to advise them if Dr. Jacobson was provided with the additional infor-

mation so that they could conduct a follow-up deposition to determine whether he would be changing his opinion.

¶ 7.  Dr. Jacobson admitted during the voir dire that Forman had in fact given him additional materials after the deposition, and that his review of those materials had "solidified" or "firmed up" his opinion. Forman argued that the doctor's trial opinion was basically consistent with his deposition opinion. The circuit court disagreed, however, and found that the trial testimony "was a significant and substantial change in Dr. Jacobson's testimony when compared with his deposition testimony."

¶ 8.  Based upon Forman's failure to notify defense counsel of the changed circumstances surrounding Dr. Jacobson's opinion, the circuit court granted the defendants' motion for a mistrial:

> This is a very straightforward process and procedure, and I don't know why you can't just do it that way. This sneaking around with this new opinion when you knew it at least a week and a half ago, it is repulsive. . . .
>
> But I'm telling you, this makes me sick for your clients, Mr. Forman, because you've left them hanging out there like this, but that's not my problem. That's your problem.
>
> . . .
>
> I'm going to grant the mistrial because I think you've made such a mess out of this, Mr. Forman, that this case can't even go forward. Your behavior here is unbelievable. It's reprehensible. And your lack of preparation for this trial and your inability to play within the rules has–it's created every one of these problems.

¶ 9. Five days later, without notice or an opportunity to be heard, the circuit court sua sponte entered an order rescinding Forman's permission to appear pro hac vice as counsel for the Jensens. The order cited SCR 10.03(4) and stated that Forman "has by his conduct manifested incompetency to represent a client in a Wisconsin court and has not abided by the code of professional responsibility and the rules of decorum of the Court."

¶ 10. Forman filed a motion for reconsideration, reasserting that Dr. Jacobson's trial testimony was consistent with his deposition testimony. He argued that the circuit court's order deprived him of the right to practice his profession and deprived the Jensens of their right to counsel of their choice. He also argued that the order had been entered without notice or an opportunity to respond. The circuit court entered its written findings of fact and order granting the mistrial, but did not specifically address Forman's motion for reconsideration of the revocation of his pro hac vice status.

¶ 11. The court of appeals granted leave to appeal the narrow question of whether there is a right to notice and an opportunity to be heard before a circuit court withdraws an attorney's pro hac vice admission. The court of appeals then certified the question to this court, and we accepted the certification.

II

██

¶ 12. Resolution of the certified question begins with the Supreme Court Rule governing admission of attorneys pro hac vice:

> A judge in this state may allow a nonresident coun-
> sel to appear in his or her court and participate in a
> particular action or proceeding in association with
> an active member of the state bar of Wisconsin who
> appears and participates in the action or proceed-
> ing. Permission to the nonresident lawyer may be
> withdrawn by the judge granting it if the lawyer by
> his or her conduct manifests incompetency to
> represent a client in a Wisconsin court or by his or
> her unwillingness to abide by the rules of profes-
> sional conduct for attorneys and the rules of
> decorum of the court.

Supreme Court Rule 10.03(4). The Rule commits the
decision to grant or withdraw pro hac vice admission to
the discretion of the trial court. *Filppula-McArthur v.
Halloin*, 2001 WI 8, 241 Wis. 2d 110, 622 N.W.2d 436.

¶ 13. Pro hac vice admission has always been
considered a privilege rather than a right:

> As a matter of comity, the courts of this state have
> practically always. . .except in criminal proceedings
> on behalf of the state. . .cheerfully conceded the
> privilege to attorneys of sister states to engage in
> the conduct of trials in this state. But such has
> always been recognized as a privilege extended to
> such outside counsel and not as a right to be claimed
> on their part. . . . There can be no question but that
> many lawyers of prominence have carried on sub-
> stantial business in more than one state at the same
> time and without question or criticism. The extent
> to which such privilege may be extended is a matter
> for the courts of each state to determine when a
> question in that regard is presented in any particu-
> lar situation.

*In re Pierce*, 189 Wis. 441, 450, 207 N.W. 966 (1926)
(citations omitted). The United States Supreme Court

has held that an attorney does not have a constitutional right to be admitted pro hac vice. *Leis v. Flynt,* 439 U.S. 438, 442–43 (1979).

¶ 14. The Jensens and Forman contend, however, that once an attorney has been admitted pro hac vice in a particular case, the attorney acquires a limited property interest that requires the due process protections of notice and an opportunity to be heard before that status may be revoked. This is an issue of first impression in this state.

¶ 15. Some jurisdictions have concluded that attorneys have a limited property interest in pro hac vice admission, entitling them to notice and an opportunity to be heard as a matter of constitutional due process before that status can be revoked.[4] Other jurisdictions have sidestepped the constitutional argument and found that notice and an opportunity to respond are required for policy reasons.[5]

---

[4] *See Bank of Hawaii v. Kunimoto,* 984 P.2d 1198, 1214 (Haw. 1999) (holding that once a nonresident attorney has been granted pro hac vice status in a case by a judge, the nonresident attorney gains a "limited property interest" that is held pursuant to Hawaii Supreme Court Rules and that the deprivation of this property interest previously held under state law must be in accord with requisite constitutional safeguards); *see also Kirkland v. National Mortgage Network, Inc.,* 884 F.2d 1367, 1371–72 (11th Cir. 1989)(holding that it was clear that admission of an attorney pro hac vice constitutes a property interest entitled to due process protection because an attorney admitted pro hac vice enjoys the same basic procedural rights as regular counsel).

[5] *See Taberer v. Armstrong World Indus., Inc.,* 954 F.2d 888 (3d Cir. 1992); *United States v. Collins,* 920 F.2d 619 (10th Cir. 1990); *United States v. Summet,* 862 F.2d 784 (9th Cir. 1988); *Koller v. Richardson-Merrell, Inc.,* 737 F.2d 1038 (D.C. Cir. 1984) *rev'd on other grounds,* 472 U.S. 424 (1985); *Johnson v.*

¶ 16.  We conclude that, for reasons of policy and sound judicial administration, attorneys should receive notice and some opportunity to respond before pro hac vice admission is revoked. Accordingly, we do not reach the constitutional question. *Labor and Farm Party v. Election Bd.*, 117 Wis. 2d 351, 354, 344 N.W.2d 177 (1984) (courts generally do not consider constitutional questions when the case is resolvable on other grounds); *see also Zander v. County of Eau Claire*, 87 Wis. 2d 503, 519, 275 N.W.2d 143 (Ct. App. 1979).

¶ 17.  The United States Court of Appeals for the Third Circuit adopted this approach in *Johnson v. Trueblood*, 629 F.2d 302 (3d Cir. 1980) (per curiam), and we find its treatment of the issue persuasive. In *Johnson*, the Third Circuit held that some type of notice and an opportunity to respond were necessary when a court sought to revoke an attorney's pro hac vice status. The court reached its decision not on constitutional due process grounds but as a matter of judicial policy. In *Johnson*, the trial court, sua sponte and without notice, had revoked an attorney's pro hac vice status as a result of his disruptive and unprofessional conduct. *Id.* at 302. The court of appeals reversed the trial court and said that some form of notice and an opportunity to respond were required, for these reasons:

> [S]ome sort of procedural requirement serves a number of salutary purposes. It ensures that the attorney's reputation and livelihood are not unnecessarily damaged, protects the client's interest, and promotes more of an appearance of regularity in the court's processes.

*Trueblood*, 692 F.2d 302 (3d Cir. 1980); *Hallman v. Sturm Ruger & Co., Inc.*, 639 P.2d 805 (Wash. Ct. App. 1982).

*Id.* at 303.

¶ 18.   The court in *Johnson* allowed for some flexibility of procedure, recognizing that the decision is discretionary in the trial court and some circumstances may not require formal notice and full hearing. *Id.* at 303–04. Accordingly, the court left the form of the notice to the discretion of the trial court, specifying only that it identify two things: "the conduct of the attorney that is the subject of the inquiry, and the specific reason this conduct may justify revocation." *Id.* at 304.

¶ 19.   As for the opportunity to respond, the court in *Johnson* held that a full-scale hearing is not required in every case. *Id.* at 304. "All that we will mandate is that the attorney be given a meaningful opportunity to respond to identified charges." *Id.* Again, the court left the nature and scope of the opportunity to respond to the discretion of the trial court. *Id.*

¶ 20.   We agree with the flexible approach of the Third Circuit in *Johnson*. We therefore conclude that, for reasons of judicial policy, attorneys admitted pro hac vice must be provided some form of notice and an opportunity to respond before pro hac vice status may be withdrawn under SCR Rule 10.03(4). The form of the notice and opportunity to respond is left to the sound discretion of the circuit court, provided, however, that the attorney is notified of the conduct which is alleged to violate SCR 10.03(4) and the specific reason this conduct may justify revocation under the rule.

¶ 21.   The defendants contend that Forman was effectively put on notice that his pro hac vice status was in jeopardy when the circuit court ruled on the mistrial motion. They also contend that Forman had ample opportunity to respond during the course of the argument on the motion.

■

¶ 22.    While it is true that the circuit court explicitly and forcefully placed the blame for the mistrial squarely on Forman, revocation of the attorney's pro hac vice admission was never mentioned as a possible sanction for his conduct. Mistrial, attorneys' fees, and costs were the only remedies under consideration. The circuit court's sua sponte order rescinding Forman's pro hac vice status came five days later, without any form of notice or an opportunity to respond, formal or otherwise. We find it noteworthy that the circuit court acknowledged as much in an amicus curiae brief and suggested that "if this court should decide that notice and an opportunity to be heard are required, the case. . .should be remanded to the Circuit Court for notice and hearing."

¶ 23.    We agree and therefore reverse the circuit court's order revoking Forman's pro hac vice admission and remand the cause to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—The order of the Walworth County Circuit Court is reversed and the cause remanded.