Kathleen JENSEN, Bradley Jensen and Erik Jensen (a minor), Plaintiffs-Appellants,†

STATE of Wisconsin, Department of Health and Family Services, Plaintiff,

v.

WISCONSIN PATIENTS COMPENSATION FUND, David McPherson, M.D., and Lakeland Medical Center, Defendants-Respondents.

Supreme Court

*No. 99–2774. Filed June 19, 2001.*

2001 WI 66

(Also reported in 627 N.W.2d 897.)

¶ 1.   PER CURIAM.   (*on motion for reconsideration*). The defendant-respondent, David McPherson, seeks clarification of our opinion to make clear that on remand the plaintiffs-appellants do not have any right under Wis. Stat. § 801.58(7) to substitution of the original judge assigned to this case with respect to the Court's directive that the circuit court provide counsel (whose pro hac vice status was withdrawn) with notice and an opportunity to respond. The motion is denied.

† Please see original case at 241 Wis. 2d 142.

¶ 2. *State ex rel. J.H. Findorff v. Circuit Court for Milwaukee County*, 2000 WI 30, 233 Wis. 2d 428, 608 N.W.2d 679, sets forth the applicable law relating to substitutions on remand, and the circuit court will apply the *Findorff* case should such a request for substitution be filed.

¶ 3. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(dissenting)*. In my concurrence in *State ex rel. J.H. Findorff v. Circuit Court for Milwaukee County*, 2000 WI 30, ¶ 38, 233 Wis. 2d 428, 608 N.W.2d 679, I concluded that this court should state in any decision mandating a remand whether the parties are entitled to seek substitution on the issue for which the cause was remanded.

¶ 4. After *Findorff*, the Director of State Courts on the recommendation of the Chief Judges and District Court Administrators filed a petition with this court requesting that we promulgate a rule requiring an appellate court remanding a case to a circuit court to state whether the parties have a right to request substitution of a judge. This court denied the petition. *See* Supreme Court Order No. 00–10 (March 7, 2001).

¶ 5. During the hearing on the petition, the State Bar of Wisconsin and the Litigation Section of the State Bar objected to the proposed rule because it did not give counsel in the case an opportunity to be heard on the right of substitution. The representatives from the Litigation Section did, however, advise this court that they preferred that an appellate court, rather than the circuit court, decide the issue of the right of substitution and that after the appellate decision counsel may determine at the circuit court level whether to exercise that right.

¶ 6.   I agree with the State Bar and the Litigation Section that counsel should be given an opportunity to be heard on the issue of substitution and that the appellate court rather than the circuit court should apply *Findorff*.

¶ 7.   Accordingly, on reflection I conclude that my suggestion in the *Findorff* concurrence that this court decide the issue of substitution in every case mandating a remand was flawed because it failed to ensure that counsel would have an opportunity to be heard in the appellate court on the matter.

¶ 8.   In this case, the record is still with this court, and counsel for all parties have had an opportunity to be heard on the issue of substitution. I would therefore clarify our opinion in the present case and, applying the *Findorff* rule, I would state that the parties have a right to request substitution on the issue for which the case is remanded.

¶ 9.   More importantly, we should keep this issue of substitution on remand in perspective, namely, that very few remands involve "merely discharging a ministerial duty," *Findorff*, 233 Wis. 2d at 432, in which no right of substitution exists.

¶ 10.   For the reasons set forth, I dissent.