Leslie R. DERSTEIN, Plaintiff, Appellee, Cross–Appellant,

v.

The STATE OF KANSAS, Marjorie Van Buren, Steven Seyb, Herbert W. Walton, Kay Falley, Jess L. Danner, Defendants,

and

Page W. Benson, J. Patrick Brazil and John M. Jaworsky, Defendants, Appellants, Cross–Appellees.

Nos. 89–3171, 89–3198.

United States Court of Appeals, Tenth Circuit.

Sept. 28, 1990.

Rehearing Denied Nov. 1, 1990.

Before TACHA and SETH, Circuit Judges, and KANE, District Judge *.

SETH, Circuit Judge.

Plaintiff, a former court services officer, brought this civil rights action pursuant to 42 U.S.C. § 1983 against three state district court judges alleging he was unlawfully terminated of employment in response to allegations of sexual harassment. The crux of plaintiff's complaint is that the circumstances of his discharge violated his liberty and property interest without due process of law.

After a bench trial, the district court held that the pretermination proceedings violated plaintiff's property interest without due process. *See Derstein v. Benson,* 714 F.Supp. 481 (D.Kan.). Plaintiff was awarded damages for lost income, mental and emotional distress. In a post-trial order, the court granted plaintiff's request to be reinstated as a state employee for purposes of obtaining seniority for employee benefits. We must conclude that the plaintiff was not denied procedural due process and hence we reverse.

Leslie R. Derstein worked for nine and one-half years as a court services officer prior to his discharge. He had no written contract of employment. As a court services officer, Derstein could only be discharged by the administrative judges with approval of a majority of the other judges in the district. The terms of his employment were governed by the Kansas Court Personnel Handbook which provided that a tenured employee could be immediately terminated, without a hearing, for a "serious and grievous" offense. The term "sexual harassment" was not enumerated in the personnel rules as a "just cause" justifying immediate discharge. The parties agree that at the time of Derstein's discharge he was considered a "tenured" employee.

Numerous intra-office conflicts had surfaced, and the court administrator Steven

Brian G. Grace, Wichita, Kan., for plaintiff, appellee, cross-appellant.

Carl A. Gallagher, Asst. Atty. Gen. (Robert T. Shephan, Atty. Gen., and Nancy L. Ulrich, Asst. Atty. Gen., with him on the briefs), Topeka, Kan., for defendants, appellants, cross-appellees.

---

* Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation.

Seyb was advised that an employee intended to contact an attorney about bringing charges against the state because of Derstein's alleged sexual harassment. As a result Seyb asked the Office of Judicial Administration to investigate the allegations. An investigation was conducted by Marjorie Van Buren, Personnel Officer of the Kansas Judicial Branch. She tape-recorded interviews with court employees and transcribed the tapes. The transcripts revealed numerous allegations made by different employees that Derstein had engaged in physical and verbal sexual harassment, over a period of years.

On May 6, Van Buren met with Seyb and defendant Judges Benson, Brazil and Jaworsky to review the transcripts of the taped interviews. At that time Judge Benson was a state administrative and district court judge while Judges Brazil and Jaworsky were state district court judges. The judges believed the incidents described in the transcripts amounted to sexual harassment, which in their opinion, constituted a "serious and grievous" offense justifying Derstein's immediate discharge. The same day Seyb wrote Derstein a memorandum requesting him to meet in Judge Benson's chambers the next day. He was not informed of the purpose of this meeting. At the meeting Derstein was advised of Van Buren's investigation regarding complaints of his "long-standing" problem of alleged verbal and physical sexual harassment and that an employee sought to bring a sexual harassment suit against the state. Judge Benson told Derstein he would have "ten days in which to resign or be terminated." At this point, Derstein denied any sexual harassment and inquired as to the factual basis for the claim. Derstein was advised that he could take appeal and would be given a hearing at that time. That same day, Derstein retained an attorney and later in the week he unsuccessfully attempted to obtain Van Buren's transcripts. Derstein's attorney made no such attempt at that time. It was not until after this lawsuit was filed (three years later) that he actually received a copy of the transcripts.

At the end of the ten days, Derstein received a termination letter that specified the nature of the charges against him and advised him of his right to appeal. The next day, counsel for Derstein appealed the decision. The appeal board denied Derstein's appeal finding it frivolous. Derstein then filed a "Motion for Hearing" which was also denied.

Derstein originally brought this § 1983 action against the State of Kansas, administrators, the judges on the appeal panel and Judges Benson, Brazil and Jaworsky. He voluntarily dismissed the state and the administrators prior to trial. The district court granted summary judgment in favor only of the judges who composed the appeal panel. However, the court denied the other defendants' motions raising qualified immunity as well as their contention that the plaintiff had no property interest in employment or, alternatively, that Derstein received due process for the deprivation of this interest. After a full hearing on the merits, the court in granting judgment in favor of Derstein rejected for a second time defendants' claims which were raised in their prior motion. *See Derstein*, 714 F.Supp. at 491–94.

Defendants now appeal the district court's order granting judgment and damages in Derstein's favor. They attack the court's order on the following grounds: (1) that the district court erred in denying their claim for qualified immunity; (2) that Derstein had no protected property interest in employment and alternatively, that he received constitutional procedural due process; (3) that they are entitled to Eleventh Amendment immunity; (4) the court's damage award was not supported by substantial evidence. Further, they urge that it was error for the court to order the reinstatement of Derstein.

Derstein filed a cross-appeal urging that the trial court erred in finding he had no protected liberty interest. By reason of our disposition of Derstein's procedural due process claim, we need not address defendants' remaining contentions of error.

■ Defendants challenge the district court's holding that Derstein had a property interest in his employment as a court

services officer. As a public employee, he was entitled to procedural due process only if he was deprived of a property interest. *See Bd. of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. We need not reach this issue, however, because even assuming that Derstein had a property interest in employment we conclude that he received procedural due process prior to termination.

The district court found that defendants' discharge of Derstein violated his due process right to a pretermination hearing defined under *Roth* or *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. The court stated that it had "no hesitation in concluding that in this case Derstein received neither notice, nor an explanation of his employer's evidence, nor an opportunity to be heard prior to his discharge." *Derstein,* 714 F.Supp. at 495. It found that *prior to* the May 6 meeting, Derstein was not advised of Van Buren's investigation, had "no facts which would indicate that [he] should have known that his termination was imminent," and had no opportunity to "tell his side of the story." *Id.*

The parties do not contest that Derstein was entitled to "some form of hearing" prior to discharge. *See Roth,* 408 U.S. 564, 92 S.Ct. 2701. The more difficult questions of how much notice and opportunity are required were addressed by the Supreme Court in *Loudermill.* Under *Loudermill* the Supreme Court held that before a "tenured public employee" can be discharged, he "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." 470 U.S. at 546, 105 S.Ct. at 1495 (citations omitted).

Defendants urge that Derstein's pretermination hearing satisfied the due process requirements under *Loudermill.* We agree. This circuit has found no due process violation in similar circumstances. *See Melton v. Oklahoma City,* 879 F.2d 706 (10th Cir.), and *Meder v. Oklahoma City,* 869 F.2d 553 (10th Cir.).

In light of our decisions the record shows that Derstein received procedural due process prior to being deprived of his asserted property interest in employment. At the May 6 "pretermination hearing" Derstein was orally informed that defendants intended to discharge him because of complaints regarding a "long-standing" problem of his alleged verbal and physical sexual harassment. He was told of the investigation and of the name of an employee who threatened to bring a sexual harassment suit against the state due to his conduct. Further, Derstein was not terminated at the meeting but given ten days to respond. This meeting provided Derstein all that was necessary under *Loudermill*—notice of the charges, the nature of the allegations and an opportunity to respond.

The fact that Derstein may not have known in advance about Van Buren's internal investigation, did not receive more facts or a copy of the transcript at the pretermination hearing is not significant. *See Loudermill,* 470 U.S. 532, 105 S.Ct. 1487.

We also reject Derstein's argument that he was not given an opportunity to relate his side of the story. He was given ten days before termination. During this time he chose not to challenge the factual basis for the allegations. A pretermination hearing was never intended to be an adjudicative detailed proceeding.

Our inquiry does not end here. Since *Loudermill* rested in part on posttermination procedures, we must consider whether such procedures were available to Derstein. Counsel for Derstein filed an appeal, pursuant to the Kansas Court Personnel Handbook, based on two grounds. First, he argued that the defendants did not follow the procedures for discharge because Derstein had never received a written or oral reprimand for "sexual harassment." He also contested whether sexual harassment was a "serious and grievous offense" justifying immediate discharge because it was not listed as such in the personnel rules. The appeal board denied Derstein's appeal finding it frivolous. The board found that

defendants followed the proper procedure in not issuing Derstein a reprimand prior to discharge. It also determined that sexual harassment could be considered a "serious and grievous" offense. Further, since Derstein did not challenge the *factual allegation* of sexual harassment, the board determined that no hearing was necessary.

Derstein then filed a "Motion for Hearing" requesting a full evidentiary hearing on the merits. In his motion, he stated that he filed his initial appeal solely to initiate the administrative process. The appeal board unanimously denied this motion on the ground that Derstein, in his original appeal, challenged only the interpretation of rules and not the factual basis for his termination.

It is important to note that Derstein never contested, even after examining Van Buren's transcripts, the *factual* basis for his alleged sexual harassment. He did not argue that his conduct never occurred. Rather, Derstein is essentially challenging the legal issue of whether his conduct amounted to "sexual harassment" and if so, was it a "serious and grievous" offense justifying summary termination. Under these circumstances, we hold that the post-termination procedure provided to Derstein coupled with the pretermination opportunity to respond fully comports with *Loudermill.*

■ In his cross-appeal, Derstein asserts that he was denied a protected liberty interest. The district court found that he had no protected liberty interest because he failed to show that his discharge was accompanied by public dissemination of information. We have stated that "[t]he concept of liberty recognizes two particular interests of a public employee: 1) the protection of his good name, reputation, honor, and integrity, and 2) his freedom to take advantage of other employment opportunities." *Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir.). In order for a liberty interest to be implicated, Derstein must show that his dismissal "resulted in the *publication* of information which was *false* and *stigmatizing.*" *Rich v. Secretary of the Army,* 735 F.2d 1220, 1227 (10th Cir.)

(quoting *Asbill v. Housing Authority of Choctaw Nation,* 726 F.2d 1499, 1503 (10th Cir.)) (footnotes omitted) (emphasis in original).

Derstein argues that the "publication" element was satisfied when he revealed the reasons for discharge in response to direct questions by prospective employers. This argument directly conflicts with established precedent. *See Rich,* 735 F.2d 1220. In *Rich,* we held that no liberty interest was impinged when the plaintiff himself publicized the circumstances of his discharge. "To impinge on a liberty interest, the stigmatizing information must be made public by the offending governmental entity." *Id.* at 1227. Derstein presented nothing to show that the allegedly stigmatizing evidence was made public by a governmental entity. Thus, the district court did not err in finding that Derstein has no claim that his interest in "good name, reputation, honor or integrity" was impaired.

However, the district court's judgment in favor of plaintiff is REVERSED and the case is REMANDED for the reasons hereinabove set forth as to the due process issues.