66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon O. HOLLAND, James Davis Drane Mauldin, Jr., Defendants,
Jeffrey A. DICKSTEIN, Attorney-Appellant.
 No. 94-5234.
(D.C.No. 90-CR-10-B)
 United States Court of Appeals, Tenth Circuit.
 Sept. 11, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Attorney Jeffrey A. Dickstein appeals from an order revoking his admission pro hac vice as attorney for James Davis Drane Mauldin, Jr., in the underlying criminal case. We affirm.
 
 
 2
 Following an indictment by a grand jury for the Northern District of Oklahoma, Mauldin was charged with conspiracy and making a false statement to a government department, in violation of 18 U.S.C. 371 and 1001, respectively. On August 6, 1990, Dickstein was granted permission to appear pro hac vice to represent Mauldin. Trial commenced on August 28, 1990. The jury deadlocked and, on September 18, 1990, the district court declared a mistrial. Retrial was scheduled for November 13, 1990.
 
 
 3
 On September 27, 1990, the district court issued an order directing Dickstein to show cause in writing by October 9, 1990, why his admission to appear pro hac vice should not be revoked for conduct that "seriously detracted from the proper decorum of the court and trial ... and was in derogation of the ethical standards of courtroom procedure." Appellant's App. at 4. Dickstein timely filed a response.
 
 
 4
 Without holding a hearing, the district court issued an order on October 25, 1990, revoking Dickstein's pro hac vice admission. It concluded that Dickstein's conduct in the Mauldin trial had been "unprofessional and obstructive of the judicial process." Id. at 142. Some of the specific instances of such conduct it cited include Dickstein's taking the position that the jury had no obligation to follow the law as announced by the court, whispering loudly enough so the jury could hear that government counsel were guilty of introducing perjured testimony, and smiling and shaking his head in mock disbelief when the court announced adverse rulings. The court rejected Dickstein's argument that it was required to follow the procedures set forth in N.D. Okla. R. 4(J) (1992), governing discipline of attorneys. It concluded Rule 4(J) applied only to members of the bar of the court. It observed that the clerk had notified Dickstein by telephone of the order to show cause on September 27, 1990, and concluded there was no need for an oral hearing.
 
 
 5
 Dickstein filed a petition for writ of mandamus with this court, requesting that we vacate the order revoking his admission pro hac vice on the ground that the district court violated his right to procedural due process. We denied the petition. Dickstein v. Brett, No. 90-5234 (10th Cir. Dec. 10, 1990).
 
 
 6
 Dickstein also filed an immediate appeal from the revocation order. We concluded that the order was not appealable prior to entry of the final judgment, and dismissed the appeal. United States v. Dickstein, 971 F.2d 446, 448, 451 (10th Cir.1992).
 
 
 7
 The criminal proceedings against Mauldin were concluded by a guilty plea, and a final judgment was entered. Dickstein filed a timely notice of appeal from the judgment. We now have jurisdiction under 28 U.S.C. 1291.[3]
 
 
 8
 The United States argues that, under the doctrines of res judicata or law of the case, our decision in Dickstein's mandamus action precludes reexamination of the issues raised in that proceeding. While we are aware of no Tenth Circuit decision on point, other circuits hold that an appellate court's denial of a mandamus petition will not preclude further consideration of the issues raised therein under res judicata or law of the case, unless the denial was on the merits. United States v. Dean, 752 F.2d 535, 541 (11th Cir.1985)(res judicata), cert. denied, 479 U.S. 824 (1986); Key v. Wise, 629 F.2d 1049, 1054-55 (5th Cir.1980)(law of the case), cert. denied, 454 U.S. 1103 (1981). Denial of a mandamus petition is not on the merits if it was due to "special limitations inherent in the writ." Dean, 752 F.2d at 541.
 
 
 9
 We denied the mandamus petition because Dickstein failed to show the district court's order was a clear abuse of discretion or that his right to relief was clear and indisputable. Dickstein v. Brett, No. 90-5234, at 3. These standards define the exceptional circumstances under which mandamus relief is justified. United States v. Carrigan, 804 F.2d 599, 602 (10th Cir.1986). They are harder to meet than merely showing reversible error on direct appeal. Id. at 604. We therefore conclude we denied the mandamus petition due to special limitations inherent in the writ, rather than on the merits. Dickstein is not precluded from raising the issues on appeal that he raised in his mandamus petition.
 
 
 10
 Moving to the merits, Dickstein contends he acquired a protected property and/or liberty interest once he was admitted pro hac vice which entitled him to procedural due process prior to revocation. He further contends the revocation did not comply with due process. We review this issue of law de novo. Kirkland v. National Mortgage Network, Inc., 884 F.2d 1367, 1370 (11th Cir.1989).
 
 
 11
 Generally, the first step in a procedural due process analysis is to determine whether the plaintiff had a protected interest. Farthing v. City of Shawnee, 39 F.3d 1131, 1135 (10th Cir.1994). However, we need not address this threshold issue because we conclude Dickstein received all the process he would have been due, assuming he had a protected interest. See Derstein v. Kansas, 915 F.2d 1410, 1413 (10th Cir.1990), cert. denied, 499 U.S. 937 (1991).
 
 
 12
 Dickstein contends that under United States v. Collins, 920 F.2d 619, 626 (10th Cir.1990), cert. denied, 500 U.S. 920 (1991), he was entitled to the same procedures prior to revocation as members of the Northern District of Oklahoma bar under Rule 4(J).[4] We disagree. To the extent Collins addressed an attorney's, rather than a client's, procedural rights, see 920 F.2d at 627 & n. 10, the only process it expressly required was notice and an opportunity to respond, id. at 626; see also Kirkland, 884 F.2d at 1371 (holding due process entitled attorney to notice and opportunity to explain before pro hac vice status revoked). Collins does not hold that due process requires nonmember attorneys be afforded Rule 4(J) procedures prior to revocation of pro hac vice admission. Indeed, constitutionally-required process is defined, not by reference to statutes or rules, but rather by balancing certain factors. See Glatz v. Kort, 807 F.2d 1514, 1517 & n. 4 (10th Cir.1986). We conclude that Rule 4(J) does not define the process to which Dickstein was entitled. We need not address Dickstein's contention, unsupported by citation to authority and not raised in the district court, that denying him the Rule 4(J) procedures would violate his right to equal protection.
 
 
 13
 Dickstein challenges the length of time between notice and his opportunity to respond. He was notified by telephone of the order to show cause (OSC) on September 27, 1990. He claims he received it two days later. He had until October 9, 1990, to respond. The district court noted that time was of the essence because a retrial was scheduled for November 13, 1990. We have found shorter response times adequate for due process purposes, even where there were no apparent time constraints. Derstein, 915 F.2d at 1413. We conclude Dickstein was given adequate time to respond.[5]
 
 
 14
 Dickstein contends he was entitled to a full-scale evidentiary hearing. Collins held that a full-scale hearing is not always required. 920 F.2d at 626. A separate hearing is not required where, as here, conduct forming the basis for the revocation occurred in the court's presence. Nationalist Movement v. City of Cumming, 913 F.2d 885, 894 (11th Cir.), vacated, 921 F.2d 1125 (11th Cir.1990), cert. denied, 498 U.S. 1053 (1991), reinstated, 934 F.2d 1482 (11th Cir.1991), aff'd, 505 U.S. 123 (1992). Given that the judge was operating under time constraints, see Johnson v. Trueblood, 629 F.2d 302, 304 (3d Cir.1980), and that much of the conduct forming the basis for the revocation occurred in the district court's presence, we conclude the court was not required to provide a full-scale hearing.
 
 
 15
 Dickstein challenges the district court's factual findings. We discern no clear error. See Collins, 920 F.2d at 628.
 
 
 16
 Dickstein contends his conduct was not sufficiently egregious to warrant revocation. Where, as here, the case presents "unique facts involving the integrity of the court system and respect for its participants within a courtroom proceeding, ... the district court must be accorded some discretion in monitoring its own processes." Nationalist Movement, 913 F.2d at 895. We conclude the court's revocation order "fell within the ambit of its appropriate discretion." Id.
 
 
 17
 Finally, Dickstein contends the district court judge should have recused himself. He moved the district court for recusal under 28 U.S.C. 455(a), which requires disqualification whenever a judge's "impartiality might reasonably be questioned." The docket entries show the motion was denied, but the order was not included in the record. We therefore are unable to review it. In any event, Dickstein's request was largely premised on judicial rulings, which almost never constitute a valid basis for such a request. Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Further, we are not convinced the judge's opinion of Dickstein derived from an extrajudicial source or that he harbored "such a high degree of ... antagonism as to make fair judgment impossible." Id. We conclude Dickstein has not shown error in the district court's denial of his 455(a) motion.
 
 
 18
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Because the case against Dickstein's client has been concluded, the present appeal arguably is moot. We therefore examined the question of mootness, although it has not been raised by the government. See Johnson v. Riveland, 855 F.2d 1477, 1480 (10th Cir.1988). We conclude that the collateral consequences of the revocation order present an ongoing controversy. See Kirkland v. National Mortgage Network, Inc., 884 F.2d 1367, 1370 (11th Cir.1989). The appeal is not moot
 
 
 [4]
 Rule 4(J)(3), which applied to "member[s] of the Bar of this Court," required that such attorneys subject to discipline be afforded thirty days notice prior to the date of the hearing, that notice be made by personal service or registered or certified mail, and that the notice recite the place of hearing and such hearing procedures as are reasonable and consistent with due process
 
 
 [5]
 Dickstein's challenge to one of the allegations in the OSC as insufficient was not specifically raised in the district court and therefore is not before us