**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ARTHUR F. HERRERA,

Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE;
LAWRENCE RAEL, Chief
Administrative Officer; MARTIN
CHAVEZ, Mayor,

Defendants-Appellees.

No. 98-2243
(D.C. No. CIV-97-756)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BRISCOE,** Circuit Judges, and **KIMBALL**, District Judge.[1]

Plaintiff Arthur Herrera appeals the district court's grant of summary judgment to defendant City of Albuquerque in this 42 U.S.C. § 1983 action. Herrera alleges he did not receive adequate due process in the termination of his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Honorable Dale A. Kimball, District Judge, of the United States District Court for the District of Utah, sitting by designation.

employment. He does not appeal the grant of summary judgment to defendants Lawrence Rael and Martin Chavez. We affirm.

In 1996, while Herrera was an employee of the City, coworkers reported that he smelled of alcohol, slurred his speech, and appeared unsteady on his feet while at work. Herrera refused to take a drug and/or alcohol test without speaking to an attorney, but declined an offer to call his attorney or to be driven to his attorney's office. The City deemed Herrera to have refused the test. At a pretermination hearing, the City advised Herrera of the specific charges against him (i.e., suspicion of reporting to work and performing work while under the influence of alcohol, and refusing to undergo substance abuse testing) and gave Herrera an opportunity to respond to the charges. The City did not name the coworkers who made the allegations. Herrera denied the charges. The hearing officer recommended termination of his employment.

Local 624 of the American Federation of State, County, and Municipal Employees, AFL-CIO (the Union) and the City had previously entered into a collective bargaining agreement establishing a grievance procedure for union members. Herrera was a member of the Union and, at his request, the Union filed a grievance with the City alleging his termination was without just cause. The City upheld the termination and the Union did not pursue arbitration. Herrera filed the present § 1983 action against the City and two city employees. The

district court granted summary judgment to defendants, finding no due process violation.

We review the district court's grant of summary judgment de novo. Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 851 (10th Cir. 1996). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence and all reasonable inferences derived therefrom in the light most favorable to the nonmoving party. Kidd, 88 F.3d at 851.

Herrera contends the pretermination hearing violated his procedural due process rights because (1) the City refused to name the witnesses who observed Herrera in an apparently alcohol-induced state, and (2) the hearing officer was allegedly biased and predisposed to recommend Herrera's discharge. As a tenured employee, Herrera was entitled to a pretermination hearing. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). Because he received a pretermination hearing, the issue is whether that hearing satisfied procedural due process requirements. The purpose of the pretermination hearing is to serve as "a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action."

Id. at 545-46. The due process clause does not require an elaborate or formal pretermination hearing, only that the employee be given notice of the charges and an opportunity to respond. Id.; see also Gilbert v. Homar, 520 U.S. 924, 929 (1997) (affirming that pretermination process need only include "notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story") (citing Loudermill, 470 U.S. at 546).

Herrera received an adequate pretermination hearing. He was present at the hearing, was represented by counsel, received notice of the charges against him, and was given an opportunity to respond to the charges. The City was not required to give Herrera the names of the coworkers who made the allegations against him. See Derstein v. Kansas, 915 F.2d 1410, 1413 (10th Cir. 1990) (stating fact that employee may not have known about internal investigation in advance and did not receive more facts or copy of transcript at pretermination hearing was not significant when employee had been apprised of charges against him).

Herrera also claims the hearing officer at the pretermination hearing was biased. Herrera has failed to provide support for this allegation. Further, due process does not require an impartial hearing officer at the pretermination hearing, particularly when Herrera had an adequate post-termination remedy available. See McKinney v. Pate, 20 F.3d 1550, 1562 (11th Cir. 1994).

Herrera also contends procedural due process required that he receive a post-termination hearing. Herrera did not request a post-termination hearing. The Union collectively bargained to establish an arbitration procedure to resolve all workplace grievances. Grievance procedures created by collective bargaining agreements satisfy an employee's entitlement to post-termination due process. See Hennigh v. City of Shawnee, 155 F.3d 1249, 1256 (10th Cir. 1998). Herrera is free to bring a duty of fair representation claim against the Union if the Union refused his request to pursue his grievance against the City. See id. at 1256 & n.2. The City, however, is not responsible for the denial of a post-termination hearing because such a hearing was not requested.

Herrera next contends his substantive due process rights were violated. To implicate substantive due process, Herrera must demonstrate the presence of a liberty or property interest to which the protections of due process attach. See Curtis v. Oklahoma City Pub. Sch. Bd. of Educ., 147 F.3d 1200, 1215 (10th Cir. 1998). At present, the question of whether a tenured employee's property interest in continued employment is subject to substantive due process protections is unsettled. See id. at n.17. Even if we assume Herrera had such rights in this instance, substantive due process requires only that the termination of the interest not be arbitrary, capricious, or without a rational basis. Id. at 1215. The City terminated Herrera for refusing a drug test and for appearing to be under the

influence of alcohol while working.  The City's termination of Herrera was not arbitrary, capricious, or without a rational basis.  Herrera's substantive due process rights were not violated.

Finally, Herrera asserts a breach of employment contract claim against the City.  Many of his arguments were not raised with the district court and we will not consider them for the first time on appeal.    See Walker v. Mather  , 959 F.2d 894, 896 (10th Cir. 1992).  In his summary judgment response filed in district court, Herrera asserted that his employment contract included the City's Merit System Ordinance which contained provisions for a post-termination hearing.  The Ordinance expressly stated its grievance procedures were not applicable to an employee whose union collectively bargained to establish an arbitration procedure for grievances.  The City followed the procedure created by the collective bargaining agreement and did not breach its employment contract with Herrera.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-6-