MATTER OF ANDRESEN: ANDRESEN, by Guardian *ad litem,* Respondent, v. MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Appellant.

*September 5—October 2, 1962.*

For the appellant there was a brief by *Hughes, Anderson & Davis,* attorneys, and *Harold Witkin* of counsel, all of Superior, and oral argument by *John L. Davis.*

For the respondent there was a brief and oral argument by *Henry N. Leveroos* of Superior.

GORDON, J. We are aware that settlements are sometimes made in cases involving the claims of minors wherein releases are taken from the parents, but court approval is not sought. This practice is ordinarily followed only in cases in which the injuries are modest and the settlements correspondingly small. Since it is clear that a minor cannot be bound by an extrajudicial settlement, a calculated risk is taken in striking a bargain without the benefit of judicial approval.

In the case at bar, however, an application was actually made for court approval of the settlement, and such approval was given in spite of the absence of a guardian *ad litem.* This was error. If judicial approbation is to be obtained, the appointment of a guardian *ad litem* for a minor who does not have a general guardian is an absolute necessity pursuant to sec. 260.22, Stats.

In *Grauman, Marx & Cline Co. v. Krienitz* (1910), 142 Wis. 556, 560, 126 N. W. 50, this court said, "That a minor defendant should be represented by a guardian *ad litem,* is too familiar to require to be more than stated."

Also, in *Caskey v. Peterson* (1936), 220 Wis. 690, 697, 263 N. W. 658, it was stated, "A minor must appear by guardian *ad litem*. If the minor fails to take the necessary action for the appointment of a guardian *ad litem*, then the plaintiff, or opposing party, must do so."

The minor child in the instant case was in fact represented by an attorney at the proceedings in which the settlement was approved in the county court of Douglas county. We are asked to treat the appointment of a guardian *ad litem* as a mere technicality on the theory that the child was fully and adequately represented. It is a complete answer to this contention to note that sec. 260.22, Stats., provides that the minor "must appear either by the general guardian of his property or by a guardian *ad litem* who is an attorney appointed by the court or by a judge thereof."

The legislature has wisely directed that a guardian *ad litem* be appointed for a minor who does not have a general guardian. This is a desirable way of assuring that in every case the infant's rights will be fully protected. This is true even though there is an attorney who has been chosen by the parents to assist in the processing of the child's claim. While in the great bulk of cases the child's interests and the parents' interests fully coincide, there will be some cases where the infant's rights can better be protected by an officer whose interests do not extend beyond the child and the court.

The appellant further argues that sec. 319.04 (2), Stats., authorizes the proceedings to be held without the appointment of a guardian because the settlement was only in the sum of $600. This section of the statutes is co-ordinated with sec. 269.80 (3), but in neither section is there any suggestion that a minor's claim may be compromised without compliance with sec. 260.22 regarding the appointment of a guardian *ad litem*, if there be no general guardian. Sec. 319.04 (2) and sec. 269.80 (3) provide for the dis-

*tribution* of the minor's assets without the appointment of a general guardian where the amount involved is small. However, it cannot be said that such sections sanction judicial approval of the settlement of a minor's claim without the formality of having a guardian *ad litem.* Indeed, sec. 269.80 (2) expressly provides for the appointment of a guardian *ad litem.*

A second contention advanced by the appellant is that the order of the county court approving the settlement is final and cannot now be set aside in view of the passage of time. It is urged that the respondent cannot qualify under sec. 269.46, Stats., which permits the review of judgments under certain circumstances. In our opinion, sec. 269.46 is not applicable because of the infancy of the injured party. In *Will of Brandstedter* (1929), 198 Wis. 457, 460, 224 N. W. 735, this court stated:

"It is well established that an infant is not bound by a judgment unless he is represented by guardian *ad litem* at the time of its entry. *Will of McNaughton,* 138 Wis. 179, 194, 118 N. W. 997, 120 N. W. 288. Appellant could not be charged with laches, consent, or ratification during the period of his minority, . . ."

The language of the *Brandstedter Case* is particularly applicable in view of the fact that the order of the county court which approved the settlement has the effect of a judgment pursuant to sec. 269.80 (2), Stats.

Also, since the legislature has given such an order of settlement the effect of a judgment, there is no merit to the respondent's contention that the order can be vacated in the manner in which releases are sometimes voidable because of mutual mistake.

*By the Court.*—Order affirmed.