Roberta L. BRANDT; Adam Joseph Brandt, a minor, by his guardian ad litem, Peter K. Lawrence, Plaintiffs-Appellants,††

PRUDENTIAL INSURANCE COMPANY OF AMERICA, and Allstate Insurance, Involuntary-Plaintiffs,

v.

Gerhardt BRANDT, Verna Brandt, and Lori Brandt, Defendants-Respondents.†

Court of Appeals

*No. 90-0365. Submitted on briefs November 8, 1990.—Decided March 21, 1991.*

(Also reported in 468 N.W.2d 769.)

†† Petition to cross review denied.

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *William H. Rudolph* of Hillsboro, and *Peter K. Lawrence* of Richland Center.

For the defendants-respondents the cause was submitted on the briefs of *John R. Miller* of *Miller, Rogers & Owens* of Portage.

785

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.    Adam Brandt, a minor, by his guardian ad litem, and his mother, Roberta Brandt, appeal from an order denying their motion under sec. 806.07(1)(d) and (h), Stats., to vacate an order entered pursuant to sec. 805.03, Stats., dismissing their action for failure to prosecute. We conclude that the order dismissing Adam's claim is void, but that the dismissal order is effective as to Roberta's claim. We further conclude that the trial court did not abuse its discretion when it denied Roberta's motion under sec. 806.07(1)(h) to vacate the order dismissing her claim. We therefore reverse that part of the trial court's order which denied Adam's motion and affirm that part which denied Roberta's motion.

Adam Joseph Brandt, a minor, was injured August 30, 1981, when his foot was run over by a lawnmower operated by Lori Brandt on premises occupied by her parents. On August 29, 1984, the circuit court appointed a guardian ad litem to bring and prosecute an action to recover damages for Adam's injury. The same day, an action was begun by Adam and his mother. Roberta seeks to recover for her loss of Adam's society and companionship and for past and future medical expenses for Adam's medical treatment.

On April 7, 1986, the circuit court notified Roberta's attorney that, unless the court was contacted in twenty days, the action would be dismissed pursuant to sec. 805.03, Stats., for want of prosecution.[1] The guardian ad

---

[1] Section 805.03, Stats., provides:

> For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just,

litem was not notified of the court's intention to dismiss the action. On May 6, 1986, the court dismissed the action.

On March 20, 1989, Roberta and Adam moved the circuit court pursuant to sec. 806.07(1)(d) and (h), Stats., to vacate the dismissal order and reopen the action.[2] The court denied their motion.

Adam and Roberta argue that the dismissal order is void under *Neylan v. Vorwald,* 124 Wis. 2d 85, 368 N.W.2d 648 (1985). In *Neylan,* the circuit court dismissed plaintiff's action under sec. 805.03, Stats., for failure to prosecute. The supreme court held that the order was void for want of due process because the circuit court did not give the plaintiff notice and an opportunity to be heard before it dismissed her action. *Id.* at 95, 368 N.W.2d at 654.

■

The defendants argue that Adam was represented by the attorney who also represented his mother and that notice to him satisfied due process. We disagree. We

including but not limited to orders authorized under s. 804.12(2)(a). Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order. A dismissal on the merits may be set aside by the court on the grounds specified in and in accordance with s. 806.07. A dismissal not on the merits may be set aside by the court for good cause shown and within a reasonable time.

[2]Section 806.07(1), Stats., provides in part:

On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

. . ..

(d) The judgment is void;

. . ..

(h) Any other reasons justifying relief from the operation of the judgment.

conclude that regardless of the other respects in which an attorney may represent a minor, when a guardian ad litem is appointed under sec. 803.01(3)(a), Stats.,[3] due process requires that the guardian ad litem be notified of the circuit court's intention to dismiss the minor's action.[4]

In *Romasko v. City of Milwaukee,* 108 Wis. 2d 32, 37, 321 N.W.2d 123, 125 (1982), the court said that sec. 803.01(3)(a), Stats., reflects the policy that "minors are the special objects of the solicitude of the courts and of government generally." "Under the statutory scheme . . . the appointment of a guardian *ad litem* is necessary for the validity of a court's order and is required to assure the integrity of its processes." *Id.* The court quoted *Richardson v. Tyson,* 110 Wis. 572, 578, 86 N.W. 250, 251 (1901) as follows: "[T]he infant is always the

---

[3]Section 803.01(3)(a), Stats., provides in part:

> If a party to an action or proceeding is a minor . . . the party shall appear by an attorney, by the general guardian . . . or by a guardian ad litem who may appear by an attorney. A guardian ad litem shall be appointed in all cases where the minor . . . has no general guardian of property, or where the general guardian fails to appear and act on behalf of the ward . . . or where the interest of the minor . . . is adverse to that of the general guardian.

The order appointing the guardian ad litem stated that she "is . . . authorized to bring and prosecute the action set forth in the petition" for appointment. The guardian ad litem in her consent agreed "to appear for and prosecute the claim of said minor [Adam] . . .."

[4]We recognize the reality of practice in this area. A parent will retain an attorney to represent the injured minor child and the parent. The attorney will receive a fee if the child recovers. However, when it is necessary to appoint a guardian ad litem because of a potential conflict between the parent and child, the attorney is relieved of the important duty of protecting the child's interests. That duty devolves upon the guardian ad litem.

ward of every court wherein his rights or property are brought in jeopardy, and is entitled to most jealous care that no injustice be done him . . .." *Romasko,* 108 Wis. 2d at 37, 321 N.W.2d at 125.

■

Adam's cause of action is a property right protected by the due process clause of the fourteenth amendment. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428 (1982). Before his property right is destroyed or adversely affected, he is entitled to notice and an opportunity to be heard. Due process is satisfied only if notice is given to the person who has the duty of "jealous care" of Adam's rights. That person is Adam's guardian ad litem. We therefore conclude that the order dismissing Adam's cause of action is void.

We conclude, however, that the dismissal order was effective as to Roberta's claim. There is no lack of due process as to her claim.

■

"Judgments entered contrary to due process are void." *Neylan,* 124 Wis. 2d at 95, 368 N.W.2d at 654 *(quoting Wengerd v. Rinehart,* 114 Wis. 2d 575, 587, 338 N.W.2d 861, 868 (Ct. App. 1983)). A void judgment is a legal nullity. *Id.* at 99 n.14, 368 N.W.2d at 656 n.14. "Even the party which obtained the void judgment may collaterally attack it." *Id.* at 99, 368 N.W.2d at 656 (quoting 7 J. Moore, *Moore's Federal Practice,* para. 60.25(2) (2d ed. 1983)). Roberta argues that since the dismissal order is a legal nullity, it is ineffective for any purpose.

However, were we to allow Roberta to piggy-back her due process claim on lack of notice to Adam, we would transform a rule of substantive law into an accident of pleading. Adam and Roberta combined discrete motions in one document and the trial court combined

its decisions on those motions in one document. For our decisionmaking, however, we consider that Adam and Roberta pleaded individual claims. Because Roberta received notice that her claim would be dismissed unless she took the opportunity to be heard, she got all the process due her. The order dismissing her claim was, therefore, effective.

■ Roberta claims, however, that the circuit court abused its discretion when it denied her motion under sec. 806.07(1)(h), Stats., to vacate its dismissal order. Roberta could have moved under sec. 806.07(1)(a) within one year after entry of the dismissal order for relief based on her excusable neglect. Section 806.07(1)(a) permits a trial court to grant a party relief from a judgment or order because of the party's "[m]istake, inadvertence, surprise, or excusable neglect." A party may obtain relief from a judgment or order entered as a result of his or her attorney's action or inaction, if the party has been guilty of no more than excusable neglect. *Paschong v. Hollenbeck,* 13 Wis. 2d 415, 423, 108 N.W.2d 668, 672 (1961).

Roberta cannot, however, obtain relief under sec. 806.07(1)(a), Stats., because she did not bring her motion within one year after entry of the dismissal order, as required by sec. 806.07(2). She therefore has recharacterized her motion as one invoking the discretion of the trial court under sec. 806.07(1)(h). However, "the subsections of sec. 806.07(1) should be treated as mutually exclusive to the extent that a party should not be allowed to circumvent the one-year time limit applicable to subsections (a), (b) and (c) by recharacterizing her or his claim as a claim under subsection (h)." *State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 552, 363 N.W.2d 419, 426–27 (1985).

Roberta may "circumvent" the one-year time limit only if she can show that extraordinary circumstances justify the court's exercise of its discretion under sec. 806.07(1)(h), Stats. *State ex rel. M.L.B.*, 122 Wis. 2d at 552, 363 N.W.2d at 427. Mere failure of counsel to be attentive to his or her duties does not constitute an extraordinary circumstance; if it did, there would be no need for sec. 806.07(1)(a), Stats. We conclude that the circuit court did not abuse its discretion when it denied Roberta's motion to vacate its dismissal order under sec. 806.07(1)(h).

*By the Court.*—Order affirmed in part and reversed in part and cause remanded with directions to grant Adam Brandt's motion.