Erik JENSEN, a minor, by his Guardian ad Litem, Charles F. Stierman and the State of Wisconsin, Department of Health and Family Services, Plaintiffs-Respondents,

v.

David D. McPHERSON, M.D., OHIC Insurance Company and Wisconsin Patients Compensation Fund, Defendants-Appellants.

Court of Appeals

*No. 01–2912. Submitted on briefs September 12, 2002.—Decided November 13, 2002.*

2002 WI App 298

(Also reported in 655 N.W.2d 487.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Curtis C. Swanson* and *David A. Westrup* of *von Briesen & Roper, S.C.*, Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Charles F. Stierman* of *Stierman, Steffens & Kuphall, S.C.*, Waukesha, and *Jay A. Urban* of *Urban Taylor & Stawski Ltd.*, Milwaukee.

Before Brown, Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. This case comes to us by a grant of a leave to appeal. David D. McPherson, M.D., OHIC Insurance Company and Wisconsin Patients Compensation Fund (collectively "McPherson") appeal a circuit court order denying a motion to dismiss the 2001 medical malpractice claim of Erik Jensen, a minor, by his guardian ad litem, Charles F. Stierman and the State of Wisconsin Department of Health and Family Services (collectively "Erik"). McPherson also appeals the circuit court order granting Erik's motion for consolidation of a 1997[1] action and the 2001 action. McPherson argues that under WIS. STAT.

---

[1] We note that the final amended complaint of the 1997 action was filed in 1998.

§ 802.06(2)(a)10 (1999–2000)[2] Erik's 2001 action should have been dismissed on the grounds that the 1997 action was pending in Walworth county (No. 97–CV-00704) between the same parties for the same cause. We disagree. Erik was not a party to the 1997 action because he was not properly named as a plaintiff in the complaint filed by his parents; additionally, Erik did not have a court-appointed guardian's services, as is required under WIS. STAT. § 803.01(3)(a), until after the 1997 action was declared a mistrial. We affirm the circuit court's decision to deny McPherson's motion to dismiss; we affirm the circuit court's granting of Erik's motion to consolidate the 1997 and 2001 actions and uphold the circuit court's discretionary decision to set a new scheduling order.

¶ 2. In 1997, a complaint was filed against McPherson and other defendants[3] asserting claims of medical malpractice and failure to obtain informed consent in connection with the delivery of Erik. The caption to the final amended complaint identifies the plaintiffs as follows:

---

[2] WISCONSIN STAT. § 802.06(2)(a)10 (1999–2000) provides:

Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or 3rd-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . . .

10. Another action pending between the same parties for the same cause.

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[3] We choose not to name the defendants who are not a part of this appeal.

KATHLEEN JENSEN and BRADLEY JENSEN individually and as mother and father and next friend of ERIK JENSEN a minor, and the State Of Wisconsin, Department of Health and Family Services

¶ 3. Illinois Attorney Lee Phillip Forman, who had obtained *pro hac vice*[4] status, represented the plaintiffs in the 1997 action. Immediately prior to trial, one of the defendants settled. Trial commenced on October 4, 1999. At the outset of trial, Forman informed the court that a settlement had been reached between his clients and defense attorney Corneille's client. At this time Corneille stated:

> There is no guardian ad litem for, ah, Erik Jensen at this point in time. There will be an appointment of a guardian for Erik Jensen.

Forman confirmed that Erik did not have a guardian ad litem:

> Unfortunately, again, I wish—I will have a motion on behalf of Mr. Blackbourn to be appointed as the guardian ad litem for the child. We will do that formally. We have some time—space is now created by the dismissal [of the defendant who settled].

¶ 4. Three days into the proceedings, due to incidents unrelated to this appeal, the circuit court declared a mistrial citing "misconduct by plaintiffs' counsel [Attorney Forman]." Five days after declaring a mistrial, the circuit court revoked Forman's *pro hac vice* status. *Jensen v. Wis. Patients Comp. Fund*, 2001 WI 9,

---

[4] *Pro hac vice* status is defined as: "For this occasion or particular purpose. • The phrase usu. refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case." BLACK'S LAW DICTIONARY 1227 (7th ed. 1999).

¶ 22, 241 Wis. 2d 142, 621 N.W.2d 902. The plaintiffs then decided to seek replacement counsel.[5]

¶ 5. On February 14, 2001, Attorney Jay A. Urban was substituted as counsel for the plaintiffs. Thereafter, apparently due to concerns regarding whether Erik's interests were compromised in the above-mentioned pretrial settlement, Urban petitioned the court and was appointed temporary guardian ad litem for Erik. Urban proceeded to find and contact an experienced medical malpractice lawyer, Attorney Charles Stierman, and asked him to review the settlement and to determine whether it was in the best interests of Erik. Urban also asked Stierman to agree to become Erik's guardian ad litem. Stierman agreed. Consequently, on May 3, 2001, the court appointed Stierman as Erik's guardian ad litem.

¶ 6. In May 2001, Stierman initiated a medical malpractice action on behalf of Erik (*Jensen v. McPherson*, No. 01–CV-00411). In July 2001, McPherson filed a motion to dismiss the action on grounds that another action was pending in Walworth county (No. 97–CV-00704) between the same parties for the same cause pursuant to Wis. Stat. § 802.06(2)(a)10. In August 2001, Stierman filed a motion to consolidate the 1997

---

[5] Forman's revocation of his *pro hac vice* status was appealed and eventually overturned in *Jensen v. Wisconsin Patients Compensation Fund*, 2001 WI 9, ¶ 20, 241 Wis. 2d 142, 621 N.W.2d 902, where our supreme court held that:

> [F]or reasons of judicial policy, attorneys admitted pro hac vice must be provided some form of notice and an opportunity to respond before pro hac vice status may be withdrawn under SCR Rule 10.03(4). The form of the notice and opportunity to respond is left to the sound discretion of the circuit court, provided, however, that the attorney is notified of the conduct which is alleged to violate SCR 10.03(4) and the specific reason this conduct may justify revocation under the rule.

action with the 2001 action. On October 16, 2001, the circuit court denied McPherson's motion to dismiss Erik's 2001 action and granted Erik's motion to consolidate the 2001 action with the 1997 action. The court then determined that a new scheduling order would be set in due course. McPherson appeals.

¶ 7. There are four issues in this leave to appeal: (1) should Erik be considered a party-plaintiff of the 1997 action; (2) was it necessary for Erik—if a party—to be represented by a guardian and was Erik in fact represented by a guardian; (3) did the circuit court err in reopening the scheduling order for the guardian ad litem after the mistrial was declared; and (4) should the order be reversed for public policy reasons.

¶ 8. This case involves the interpretation of a statute, a question of law which we review de novo. *See Agnes T. v. Milwaukee County*, 189 Wis. 2d 520, 525, 525 N.W.2d 268 (1995). In interpreting a statute, we must seek to effectuate the intent of the legislature. *State v. Olson*, 175 Wis. 2d 628, 633, 498 N.W.2d 661 (1993). If the language of the statute is unambiguous, however, "we will not look beyond the language of the statute in applying it." *State v. Swatek*, 178 Wis. 2d 1, 5, 502 N.W.2d 909 (Ct. App. 1993).

¶ 9. Additionally, we are charged with reviewing a decision of the circuit court to send out a new scheduling order. The decision of whether a scheduling order will be modified is within the circuit court's discretion, and its decision will only be reversed for an erroneous exercise of discretion. *Alexander v. Riegert*, 141 Wis. 2d 294, 298, 414 N.W.2d 636 (1987).

¶ 10. We begin by identifying two basic principles, which we bear in mind as we proceed with our analysis. First, it is well settled that there are two separate causes of action when a minor is injured—the minor's and the minor's parents. *Korth v. Am. Family Ins. Co.*, 115 Wis. 2d 326, 330, 340 N.W.2d 494 (1983). The minor's cause of action for physical injury and the parents' causes of action for the invasion of the parents' interests are separate in the sense that each is predicated upon the invasion of different interests of different persons. *Id.* at 331.

¶ 11. The second basic principle we underscore is that a minor's cause of action is a property right protected by the Due Process Clause of the Fourteenth Amendment. *See Brandt v. Brandt*, 161 Wis. 2d 784, 789, 468 N.W.2d 769 (Ct. App. 1991). Before a minor's property right is destroyed or adversely affected, he or she is entitled to notice and an opportunity to be heard. *Id.* In addition, WIS. STAT. § 803.01(3)(a) reflects the general policy that "minors are the special objects of the solicitude of the courts and of government generally." *Brandt*, 161 Wis. 2d at 788 (citation omitted). The minor "is always the ward of every court wherein his [or her] rights or property are brought in jeopardy, and is entitled to most jealous care that no injustice be done him [or her]." *Id.* at 788–89 (citation omitted). Due process is satisfied only if notice is given to the person who has the duty of "jealous care" of the minor's rights. *See id.* at 789. Moreover, § 803.01(3)(c)2 emphasizes the legislative intent that minors are to be considered the special objects of the solicitude of the courts even *after* entry of judgment or final order. That statute states in pertinent part:

2. If the court finds after the entry of judgment or final order that a person, who at the time of entry of judgment or final order was a minor or mentally incompetent, was not represented in the action or proceeding by an attorney of record or otherwise represented as provided in par. (a) the judgment or order shall be vacated on motion of:

a. The minor or mentally incompetent, for whom no appointment was made, at any time prior to the expiration of one year after the disability is removed; or

b. The personal representative of such minor or mentally incompetent at any time prior to the expiration of one year after the death of the minor or mentally incompetent.

*Id.* That is, in a case where the court finds after the entry of judgment or final order that a minor was not properly represented in the action or proceeding, the judgment or order shall be vacated on motion of the minor or the personal representative of the minor.

¶ 12. McPherson makes three main arguments: (1) that Erik was a represented and participating party-plaintiff throughout the 1997 action and that "prior to the appointment of the guardian ad litem, Erik was represented by his general guardians (his parents) and the attorney who filed the 1997 action"; (2) that it was not necessary to have a guardian ad litem appointed to represent Erik during all stages of the litigation of the 1997 action in order for Erik to be deemed a party to the 1997 action; and (3) that the denial of the motion to dismiss Erik's 2001 action and the grant of Erik's motion to consolidate the 2001 action with the 1997 action should be reversed for the public policy reasons of preventing Erik and all minor

parties from being allowed to circumvent the rulings of the circuit court by simply refiling their action through a guardian ad litem.

¶ 13. Erik responds by arguing that (1) based on the pleadings, he was not properly named or pled as a plaintiff to the 1997 action; (2) the 1997 action failed to comply with Wis. Stat. § 803.01(3) because all of the decisions and orders in that action "were made without a guardian ad litem **or general guardian** and thus without Erik's interests being represented as is [mandatory under the statute]"; and (3) that the finding that Erik was not a party to the 1997 action does not offend public policy.

¶ 14. First, we conclude that Erik was not properly named as a plaintiff in the complaint filed by his parents. The caption to the complaint identifies the plaintiffs as follows:

> KATHLEEN JENSEN and BRADLEY JENSEN *individually and as mother and father and next friend of* ERIK JENSEN a minor, and the State Of Wisconsin Department of Health and Family Services (Emphasis added.)

It is not enough to list a person in the caption. Nowhere in the caption is Erik himself named as a plaintiff; rather, Erik's name appears only to explain why his parents were entitled to bring this suit.

¶ 15. Furthermore, the allegations in the complaint itself reinforce our conclusion. The first numbered paragraph describes the "plaintiffs" in these terms:

> 1. That the Plaintiffs, Kathleen Jensen and Bradley Jensen are adult residents of the State of Wisconsin,

who reside at 930 Ann Street, Genoa City WI 53128 and that Erik Jensen is their minor son born 5/18/96.

There is no separate paragraph that describes Erik or his interests in the 1997 litigation. Additionally, the complaint refers to Erik in perplexingly different ways. Occasionally he is referred to as "the fetus, now known as Eri[k] Jensen, a minor." Later he is referred to as "the infant," "such infant," "said child," "such child" and "said minor." Finally, the complaint contains scattered references to Erik as "said minor Plaintiff," even though he was never named as such in the caption or in the general allegations identifying the parties. Even with notice pleading, the complaint itself must properly identify the party as a plaintiff, must identify the party's claims and must identify the party's specific request for relief. Upon our review of the 1997 Summons and Complaint, Erik was never a party-plaintiff in the action; thus, the 2001 action—where Erik was properly pled as a party—is not duplicative.[6]

¶ 16. Second, assuming Erik was a party—and we hold that he was not—we conclude that WIS. STAT. § 803.01(3)(a) requires that a minor who is a party must appear by a guardian of the minor's property or guardian ad litem. Both sides acknowledge the import of § 803.01. It is, in fact, the controlling statute for the determination of whether Erik—assuming arguendo

---

[6] We note that McPherson, in his reply brief, contends that the 1997 action's "Pre-Trial List of Special Damages" listing Erik's damages proves that Erik was a party to the 1997 action. McPherson is wrong. A pretrial list is not a pleading or an amendment to a pleading; it does not make Erik a party bound by a judgment.

that he was a party in the 1997 action—appeared with proper representation. Section 803.01(3)(a) provides in relevant part:

> *If a party to an action or proceeding is a minor,* or if the court has reason to believe that a party is mentally incompetent to have charge of the party's affairs, *the party shall appear by an attorney, by the general guardian of the party's property who may appear by attorney or by a guardian ad litem who may appear by an attorney. A guardian ad litem shall be appointed in all cases where the minor or incompetent has no general guardian of property, or where the general guardian fails to appear and act on behalf of the ward* or incompetent, *or where the interest of the minor* or incompetent *is adverse to that of the general guardian.* Except as provided in s. 807.10, if the general guardian does appear and act and the interests of the general guardian are not adverse to the minor or incompetent, a guardian ad litem shall not be appointed. Except as provided in s. 879.23(4), where the interests of the minor or mentally incompetent person are represented by an attorney of record the court shall, except upon good cause stated in the record, appoint that attorney as the guardian ad litem. (Emphasis added.)

¶ 17. In short, WIS. STAT. § 803.01(3)(a) requires that, *in all cases,* a minor who is a party to an action must have a "guardian"—be it a "general guardian" of the property or "guardian ad litem." We note that in both situations the court can carefully control the representations of the minor. The mandate that a minor must have *either* a guardian ad litem *or* a general guardian of the property is clear because the statute states: "A guardian ad litem shall be appointed in all cases where the minor or incompetent has no general guardian of property . . . ." *Id.*

975

¶ 18. This established, it is undisputed that Erik did not have the services of a guardian ad litem until 2001, at which time Urban was temporarily appointed until the May 2001 appointment of Stierman. Thus, the only remaining question is whether Erik had a "general guardian of the party's property" as contemplated by WIS. STAT. § 803.01(3)(a).

■■■

¶ 19. We must determine what our legislature meant by "guardian" under this statute and then apply that to the case at bar. This term is not defined in the chapter. When a term is not defined in the chapter, we may look for guidance in other chapters. *See Town of Lafayette v. City of Chippewa Falls*, 70 Wis. 2d 610, 619, 235 N.W.2d 435 (1975). "The guardian is the creature of the state." *See State Dep't of Public Welfare v. DeBaker*, 3 Wis. 2d 133, 142, 88 N.W.2d 22 (1958). In Wisconsin, guardians are extensively regulated by WIS. STAT. ch. 880. As such, we consider it an accurate expression of our state legislature's intent to examine the guardianship provisions of ch. 880 in order to understand the requirements of WIS. STAT. § 803.01. In WIS. STAT. § 880.01(3) a "guardian" is defined as "*one appointed by a court* to have care, custody and control of the person of a minor or an incompetent or the management of the estate of a minor, an incompetent or a spendthrift." (Emphasis added.)

■■■

¶ 20. This definition makes clear that a "guardian" must be "appointed by a court" whether general guardian of the property or guardian ad litem. WIS. STAT. § 880.01(3). Thus, this definition also demonstrates that our legislature did not intend "general guardian" of the property to be equated with a minor's "natural guardian" who needs no court appointment.

Additionally, WIS. STAT. § 803.01(3)(a) is silent as to appearance by a natural guardian or biological parent and we think that silence speaks volumes.

¶ 21. Nonetheless, McPherson argues, without support, that Erik's parents were Erik's "general guardians." By implication, McPherson equates "general" with "natural." However, our analysis demonstrates that in order to be Erik's general guardians, Erik's parents need to be appointed by the court. Nothing in the record indicates that Erik's parents were ever appointed as general guardians of his property. Moreover, WIS. STAT. ch. 880 does not equate "parents" with "guardians." In fact, when addressing the selection of guardians, the legislature provided a *preference* for the minor's parents—thus indicating that parents are not automatically deemed "general guardians." Furthermore, the legislature reiterated the necessity that a guardian be court appointed. Specifically, WIS. STAT. § 880.09 provides:

**Nomination; selection of guardians.**

. . . .

**(2)** PREFERENCE. If one or both of the parents of a minor . . . are suitable and willing, the court shall appoint one or both of them as guardian unless the proposed ward objects . . . .

Finally, it cannot be assumed that the attorney who represents the parents also represents the minor—*unless* this attorney has also been court appointed as the minor's guardian ad litem or guardian of the minor's property.

¶ 22. In addition, we do not believe the circuit court erred in reopening the scheduling order for the

guardian ad litem after the mistrial was declared. The circuit court aptly supported its reasoning on the record:

> I think the best thing to .do under these circumstances, difficult as it is for all parties and as financially expensive as it is—the child was denied representation, the child should be in this case—I'm not going to dismiss the newer case, but I'm going to consolidate it, because there should be only one file. I am going to send out a new scheduling order, and I'm going to do that.

> I have to do it reluctantly, but it is the only way to make sure that that child gets fairly treated, otherwise, this child is without any rights in this particular case and is being treated unfairly by the courts . . . .

¶ 23. Furthermore, WIS. STAT. § 803.01(3)(c)2 supports the circuit court's decision:

> If the court finds after the entry of judgment or final order that a person, who at the time of entry of judgment or final order was a minor or mentally incompetent, was not represented in the action or proceeding by an attorney of record or otherwise represented as provided in par. (a) the judgment or order shall be vacated on motion of:

> a. The minor or mentally incompetent, for whom no appointment was made, at any time prior to the expiration of one year after the disability is removed; or

> b. The personal representative of such minor or mentally incompetent at any time prior to the expiration of one year after the death of the minor or mentally incompetent.

¶ 24. Lastly, we are not moved by McPherson's public policy argument. We agree with Erik that Judge Kennedy's careful reasoning supports this holding as sound.

> The problem the court has is—and I don't think I'd fault anybody on it the way this case went, except perhaps, and I say this with caution, a certain prior attorney who was on the plaintiff's side. He never did get a guardian ad litem appointed for the child or participating.

> Of course the defense counsels never noted that either, and the question is did they have to. And my opinion is, yeah. I don't blame them for doing what they did, but they really didn't—they did sort of have to, because that child was a necessary party, and the child really wasn't participating.

> If Judge Gibbs had known that there was a party out there who was a necessary party who was not being allowed to participate, in effect something had been done wrong, there is no way he could have entered his initial ruling that limited what was supposed to happen in the older file.

> I know what Judge Gibbs didn't know, and that is that we didn't have the child having a guardian ad litem participating effectively in his own right.

¶ 25. In conclusion, we affirm the circuit court's decision to deny McPherson's motion to dismiss; we affirm the circuit court's granting of Erik's motion to consolidate the 1997 and 2001 actions and uphold the circuit court's discretionary decision to set a new scheduling order. Erik was not a party in the 1997 action and *even if he were,* he was not properly represented as is mandated under Wis. Stat. § 803.01(3)(a). We believe that the legislature has wisely directed that a guardian

ad litem be appointed for a minor who does not have a general guardian of the property. This is a desirable way of assuring that in every case the minor's rights will be fully protected. This is true even though there is an attorney who has been chosen by the parents to assist in the processing of the child's claim. While in the great bulk of cases the minor's interests and the parents' interests fully coincide, there will be some cases where the minor's rights can better be protected by an officer whose interests do not extend beyond the minor and the court. *See Andresen, By Guardian Ad Litem v. Mut. Serv. Cas. Ins. Co.*, 17 Wis. 2d 380, 383, 117 N.W.2d 360 (1962).

*By the Court.*—Order affirmed.