# COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 20, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2022AP1094**

Cir. Ct. No.  **2021TP18**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A. P.,
A PERSON UNDER THE AGE OF 18:

BROWN COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

   PETITIONER-RESPONDENT,

 V.

T. R.,

   RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Brown County: TAMMY JO HOCK, Judge. *Affirmed*.

¶1 GILL, J.[1] Talia appeals an order involuntarily terminating her parental rights to her daughter, Ashley.[2] During the grounds phase of the termination of parental rights (TPR) proceedings, the Brown County Department of Health and Human Services filed a motion for partial summary judgment on the three-month abandonment ground. The circuit court granted the County's motion. Talia argues that the partial summary judgment motion was untimely filed and surpassed the eight-month time period prescribed in WIS. STAT. § 802.08(1). In response, the County argues that the motion was filed pursuant to WIS. STAT. § 48.297(1)-(2) and, as such, could be filed at any time prior to trial.

¶2 We conclude that WIS. STAT. § 48.297(2) governs the timing of the motion. As a result, we reject Talia's arguments and affirm the court's order terminating Talia's parental rights.[3]

## BACKGROUND

¶3 Ashley was born to Talia on June 2, 2014. On September 26, 2014, Ashley was adjudicated to be a child in need of protection or services (CHIPS) due to Talia's incarcerated status, and she was placed outside of Talia's home. Since

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] For ease of reading, we refer to the appellant and her child in this confidential matter using pseudonyms, rather than their initials.

[3] Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply." *See* RULE 809.107(6)(e). Conflicts in this court's calendar have resulted in a delay. It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case. *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995). Accordingly, we extend our deadline to the date this decision is issued.

2

that time, Ashley has not been returned to Talia's care and has resided in out-of-home care. In March 2021, the County filed a petition to terminate Talia's parental rights to Ashley on the grounds that Talia had abandoned Talia for three-months, six-months, continuing CHIPS, and Talia's failure to assume parental responsibility for Ashley.[4]

¶4    During Talia's initial appearance in June 2021, Talia contested the petition and she requested a jury trial. After multiple status conferences and multiple instances where the circuit court rescheduled the trial dates—due primarily to outstanding discovery owed by Talia—the court set the matter for a trial in December 2021. On December 6, 2021, the County filed a motion for partial summary judgment. The motion was based on the three-month abandonment ground under WIS. STAT. § 48.415(1)(a)2.

¶5    In December 2021, the circuit court held another status conference. At this hearing, the County advised the court that it had filed a prior-acts motion, exhibit and witness lists for trial and a partial summary judgment motion on the three-month abandonment ground. The County further indicated that it was waiting for discovery responses from Talia and asked the court to find good cause to adjourn the hearing. Talia's counsel confirmed that there was outstanding discovery and did not object to adjournment. The court granted the request for an adjournment.

---

[4] The County also filed a petition to terminate the parental rights of Ashley's biological father, but because his rights are not implicated in this appeal, we will not discuss him in any substantive fashion.

¶6 A hearing on the County's partial summary judgment motion was held on December 15, 2021. The circuit court heard arguments from both parties on the County's partial summary judgment motion and, thereafter, granted the County's motion and found Talia unfit under WIS. STAT. § 48.424(4).

¶7 Because grounds for a TPR had been established and a jury trial was no longer necessary, the circuit court held a dispositional hearing in February 2022. At the conclusion of the hearing, the court ordered Talia's parental rights to be terminated.

¶8 In July 2022, Talia filed a motion "to deny summary judgment motion and vacate the order terminating parental rights," arguing that the County's motion for partial summary judgment was untimely under WIS. STAT. § 802.08(1) and thus was improperly granted. In August 2022, the circuit court held a hearing on Talia's motion and heard arguments from both parties. After further briefing from the parties, the court issued a written decision denying Talia's motion, concluding that WIS. STAT. § 48.297(2) governed the timing of the filing of the motion for partial summary judgment; thus, the motion was timely filed. Talia now appeals.[5]

## DISCUSSION

¶9 This matter involves a question of statutory interpretation. Statutory interpretation is a question of law that this court reviews de novo. ***St. Croix Cnty.***

---

[5] Talia challenges only the timing of the County's motion for partial summary judgment. Talia does not argue that the motion should have been denied due to any genuine issues of material fact or due to the County not being entitled to judgment as a matter of law under WIS. STAT. § 48.424(4). Therefore, we will not address the substance of the motion for partial summary judgment.

*Dep't of Health & Hum. Servs. v. Michael D.*, 2016 WI 35, ¶15, 368 Wis. 2d 170, 880 N.W.2d 107. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted).

¶10 Within the civil procedure code, WIS. STAT. § 802.08(1) allows a party to "within 8 months of the filing of a summons and complaint … move for summary judgment on any claim." Sec. 802.08(1). Within the Children's Code, WIS. STAT. § 48.297(1)-(2) allows for "[a]ny motion which is capable of determination without trial of the general issue [to] be made before trial" and "[o]ther motions capable of determination without trial may be brought any time before trial." Sec. 48.297(1)-(2).

¶11 Talia argues that the County's untimely filing of its motion for partial summary judgment effectively took away her statutory right to a trial. In particular, Talia argues that the County's motion was required to be filed in accordance with the eight-month deadline specified in WIS. STAT. § 802.08(1), found in Wisconsin's civil procedure code, *see* WIS. STAT. chs. 801 to 847. Talia acknowledges the existence of WIS. STAT. § 48.297 but she argues that WIS. STAT. chs. 48 and 802 conflict as they relate to motion practice. She contends that § 48.297(1) and (2) refer to the procedures for "motions" generally, whereas § 802.08(1) specifically discusses the mechanics of a summary judgment motion. Talia therefore argues that § 802.08(1)—the allegedly more detailed statutory provision explicitly discussing summary judgment—must govern. Talia further argues that the County made no request to enlarge the time period to file its summary judgment motion under § 802.08(1), and failed to show reasonable

grounds for noncompliance or excusable neglect to justify its failure to timely file the motion.

¶12 The County conversely asserts that WIS. STAT. § 48.297(1)-(2) governed the timing of its partial summary judgment motion, not WIS. STAT. § 802.08(1). We agree that based on the language of § 48.297(2), that statute governs and the motion for partial summary judgment was timely filed and thus appropriate for consideration by the circuit court. *See Barron Cnty. Dep't of Health & Hum. Servs. v. M.S.*, No. 2020AP1257, unpublished slip op., ¶13 n.4 (WI App Dec. 17, 2020) (noting, but not concluding, that § 48.297 might relate to the time period in which a summary judgment motion can be brought).[6] This conclusion is further supported by WIS. STAT. § 801.01(2), which states the civil procedure code "govern[s] [the] procedure and practice in circuit courts of this state in all civil actions … *except* where different procedure is prescribed by statute[.]" Sec. 801.01(2) (emphasis added). Because the Children's Code provides a different procedure under § 48.297(2) for the timeliness of dispositive motions, that statute governs the timeliness of summary judgment motions in TPR proceedings. *See N.Q. v. Milwaukee Cnty. Dep't of Soc. Servs.*, 162 Wis. 2d 607, 612, 470 N.W.2d 1 (Ct. App. 1991). Accordingly, the County timely filed the motion for partial summary judgment prior to trial, as allowed by § 48.297(2), and the court did not err in considering the motion.

¶13 Although Talia acknowledges that there is no case law addressing the interplay between the two statutes, she argues that prior case law has

---

[6] Unpublished opinions authored by a single judge and issued on or after July 1, 2009, may be cited for their persuasive value. *See* WIS. STAT. RULE 809.23(3)(b).

established that summary judgment proceedings in TPR cases are subject to WIS. STAT. § 802.08(1). Talia points to **Steven V. v. Kelly H.**, 2004 WI 47, 271 Wis. 2d 1, 678 N.W.2d 856, as being instructive. There, our supreme court stated:

> The jury trial right, however, is entirely statutory, not mandated by constitutional due process, and is therefore generally subject to the provisions of the civil procedure code, including the summary judgment statute, WIS. STAT. § 802.08, unless the TPR statutes provide otherwise. *See* WIS. STAT. § 801.01(2). The TPR statutes do not provide otherwise, either explicitly or implicitly.

*Steven V.*, 271 Wis. 2d 1, ¶4.

¶14    Talia's reliance on **Steven V.** is misplaced. The issue in **Steven V.** concerned "specifically whether the use of summary judgment procedure under WIS. STAT. § 802.08" during the grounds phase of a TPR case "violates the parent's rights under the TPR statutes or procedural due process." **Steven V.**, 271 Wis. 2d 1, ¶28. While **Steven V.** held that partial summary judgment is permissible in TPR proceedings, it did not address the timing of when a summary judgment motion must be filed. In fact, as noted above, **Steven V.** acknowledged that the civil procedure statutes apply in TPR cases only if another statute does not prescribe a different procedure. *Id.*, ¶32; *see also N.Q.*, 162 Wis. 2d at 612 ("The Children's Code, [WIS. STAT.] ch. 48, is of statutory origin, and thus, is controlled by the [c]ode of [c]ivil [p]rocedure unless a specific statute within the Children's Code requires a different procedure.").

¶15    Unlike in **Steven V.**, where the circuit court concluded that the civil procedure code governed the availability of a summary judgment motion in a TPR case based upon the Children's Code's silence on that issue, *see Steven V.*, 271 Wis. 2d 1, ¶4, in the case at hand, there is a separate statute in the Children's Code

relating to the timing of a partial summary judgment motion in a TPR matter—namely WIS. STAT. § 48.297(2). While the Children's Code does not specifically mention summary judgment motions, it does make specific reference to motions that are "capable of determination without trial." Sec. 48.297(2). Summary judgment motions clearly fall within this category of motion, and the plain language of § 48.297(1)-(2) reflects the goal of a summary-judgment-type motion—i.e., to avoid an unnecessary trial. *See Strasser v. Transtech Mobile Fleet Serv., Inc.*, 2000 WI 87, ¶28, 236 Wis. 2d 435, 613 N.W.2d 142 ("The purpose of summary judgment is to determine whether a controversy can be resolved without a trial.").

¶16      Notwithstanding the above, even if WIS. STAT. § 48.297 was not the controlling statute, the circuit court could rationally exercise its discretion by allowing the County to file the partial summary judgment motion after the WIS. STAT. § 802.08 statutory deadline. "Wisconsin circuit courts have discretion to control their dockets." *Hefty v. Strickhouser*, 2008 WI 96, ¶31, 312 Wis. 2d 530, 752 N.W.2d 820. Courts also have discretion to depart from statutory summary judgment deadlines. *See Lentz v. Young*, 195 Wis. 2d 457, 465, 536 N.W.2d 451 (Ct. App. 1995), *overruled on other grounds by Maple Grove Country Club Inc. v. Maple Grove Ests. Sanitary Dist.*, 2019 WI 43, ¶¶46-48, 386 Wis. 2d 425, 926 N.W.2d 184 (explaining that the filing of a summary judgment motion within "the eight-month deadline is not an inflexible rule that the [circuit] courts must blindly apply"). A court is not required to explain its reasoning on the record for departing from statutory deadlines for summary judgment motions. *See Hefty*, 312 Wis. 2d 530, ¶54. A discretionary decision of a court will be upheld as long as the court's exercise of discretion was not erroneous. *Horizon Bank, Nat'l Ass'n v. Marshalls Point Retreat LLC*, 2018 WI 19, ¶29, 380 Wis. 2d 60, 908

N.W.2d 797. "[T]he exercise of sound judicial discretion by the [circuit] court and its determinations will not be disturbed unless rights of the parties have been prejudiced." *Alexander v. Riegert*, 141 Wis. 2d 294, 298, 414 N.W.2d 636 (1987).

¶17 If the circuit court had found WIS. STAT. § 802.08 applied here, there was no requirement for the court to explain its reasoning for departing from that statute's deadline for filing a summary judgment motion. *See Hefty*, 312 Wis. 2d 530, ¶54. The court did not erroneously exercise its discretion in extending the time for the County to file the partial summary judgment motion because doing so was in the interest of judicial economy as the court was able to avoid the expense and time of trying the grounds issues when there were no genuine issues of material fact present. Additionally, Talia was not prejudiced and had adequate time to prepare for the motion. As such, we conclude the court's grant of the partial summary judgment on the three-month abandonment ground was appropriate, and we therefore affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.